UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GORDON DESSERTS, INC. dba MOCHIDOKI,<br><br>Plaintiff,<br><br>vs.<br><br>HARLEM ADR, LLC dba MOCHI DOLCI and GOLDEN EYES CORPORATION,<br><br>Defendants. | Case No. 22-10596<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gordon Desserts, Inc. dba Mochidoki ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants Harlem ADR, LLC dba Mochi Dolci ("Harlem ADR") and Golden Eyes Corporation ("Golden Eyes") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); all arising out of Defendants' intentional adoption and unauthorized use of the mark MOCHI DOLCI in connection with café and restaurant services and related services that are confusingly similar to Plaintiff's brand and registered trademark MOCHIDOKI.

## THE PARTIES

2.     Plaintiff is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 45 West 21st Street, Suite 6B, New York, New York 10010.

3.     Upon information and belief, Defendant Harlem ADR is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located 222 West 79th Street, New York, New York 10024.

4.     Upon information and belief, Defendant Golden Eyes is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located 222 West 79th Street, New York, New York 10024.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over Defendants as Defendants have their principal place of business in this District and conduct significant business operations in this District.

7.     Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have their principal place of business in this District, are transacting and doing business in this District, and are committing the acts complained of herein within this District.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is a nationally renowned, New York-based mochi ice cream company, which is known for its imaginative and refined Japanese inspired desserts that encompass flavors and inspiration from around the world.

9. Plaintiff's signature product is a handheld disk of rich ice cream that is encapsulated by a thin layer of velvety mochi, a chewy rice cake molded from steamed mochigome, the short-grained, sticky rice typically found in east Asia. Plaintiff sells these treats a constantly updating array of flavors that include Chocolate, Vanilla, Matcha, Purple Sweet Potato, Salted Caramel, Cake Batter, and Vegan Mango, among others. Plaintiff's goods and services are sold in its café locations, through its website, and in grocery stores.

10. For the past seven years, starting long before Defendants announced plans to open their cafe, Plaintiff and its predecessors in interest have continuously used the name MOCHIDOKI in connection with ice cream and desserts, and additionally since mid-2020 for restaurant and café services.

11. Since its inception in 2015, MOCHIDOKI has garnered tremendous success and has achieved recognition as the mochi ice cream brand of choice for consumers and wholesalers alike. In addition to a nationwide ecommerce presence, Plaintiff has developed global restaurant partnerships, and most recently, expansion into grocery stores.

12. In May 2020, Plaintiff opened its first café and retail store in New York's SoHo neighborhood, which was quickly followed by a second café and retail store on the Upper East Side. An additional café and retail store is scheduled to open in Santa Monica in 2023 and Plaintiff intends to open other MOCHIDOKI café and restaurant locations throughout the United States, including additional locations in New York City. Plaintiff's restaurants are commonly referred to by the public and social media as "MOCHIDOKI."

13. Plaintiff's brick and mortar cafés and store sell Plaintiff's signature mochi ice cream along with a rotating selection of signature mochi creations that build a unique dessert on a mochi foundation. Beverages such as matcha latte, nitro matcha, hot and cold matcha, and coffees are also available for consumption on or off-premises. Each shop also features a curated Mochi & Tea Pairings menu, allowing guests to explore complementary flavors. A selection of boba teas is also available.

14. Plaintiff is the owner of U.S. Trademark Registration No. 4,689,656 for the mark MOCHIDOKI in word form for "ice cream; ice cream wrapped in dough" (the "'656 Registration"), which is valid and subsisting. The '656 Registration issued on February 17, 2015, on the Principal Register and is now incontestable pursuant to 15 U.S.C. § 1065. A true and correct copy of the '656 Registration is attached hereto as Exhibit 1.

15. Plaintiff is also the owner of U.S. Trademark Registration No. 6,643,519 for the mark MOCHIDOKI IMAGINATION IN EVERY BITE in stylized form for "dough-enrobed foods consisting of a dough-based wrapper with fillings consisting primarily of ice cream and other dairy-based desserts; ice cream bars; ice cream substitute; vegan ice cream" (the "'519 Registration").[1] The '519 Registration issued on February 15, 2022, on the Principal Register. A true and correct copy of the '519 Registration is attached hereto as Exhibit 2.

16. Plaintiff is also the owner of U.S. Trademark App. No. 97/450,622 for the mark MOCHIDOKI in word form for restaurant and café services (the "'622 Application"). Plaintiff has used the applied-for mark in commerce for restaurant and café services since at least as early as May 1, 2020 and filed the '622 Application on June 9, 2022. A true and correct copy of the '622 Application is attached hereto as Exhibit 3.

---

[1] The '656 and '519 Registrations and Plaintiff's common law rights in the MOCHIDOKI brand are referred to collectively as the "MOCHIDOKI Mark."

17. Plaintiff has strong common law rights, as well as federal statutory rights, to the MOCHIDOKI Mark resulting from its widespread, continuous, and exclusive use of the MOCHIDOKI Mark to identify its restaurant services and Plaintiff as their source.

18. Based on its federal registrations and its strong common law rights, Plaintiff owns the exclusive right to use the MOCHIDOKI Mark in commerce in connection with ice cream, restaurant, bar, and catering services.

19. Plaintiff's MOCHIDOKI Mark has received widespread and favorable news coverage including in broadcast and print publications such as The Today Show, The New York Times, Forbes, CNN, Real Simple, Time Out, Yahoo.com, Eater, Food & Wine, Fodor's, and US Weekly. The MOCHIDOKI Mark has garnered more than six billion media impressions since 2019.

20. Plaintiff's extensive and widespread use and promotion of the MOCHIDOKI Mark, and the mark's distinctiveness, have caused Plaintiff's MOCHIDOKI Mark to become a famous trademark within the meaning of Section 43(c) of the Lanham Act. 15 U.S.C. § 1125 (c). Plaintiff's MOCHIDOKI Mark became famous prior to the acts of the Defendants alleged herein.

21. As a result of the long-term use and acclaim of the MOCHIDOKI Mark in connection with the restaurant services provided by Plaintiff, the MOCHIDOKI Mark and the restaurant services under the MOCHIDOKI Mark became and have continued to be recognized by consumers as being of the highest quality. As a result, the MOCHIDOKI Mark and goodwill associated therewith are of tremendous value.

**DEFENDANTS' INFRINGING ACTIVITY**

22. Upon information and belief, Defendant Harlem ADR was organized in New York on December 23, 2015, and Defendant Golden Eyes was incorporated in Delaware on or about October 3, 2017.

23. On June 8, 2022, Leonardo Cutone made a presentation to the Business & Consumer Issues Committee of Manhattan Community Board 7 concerning plans for a café or restaurant under the name MOCHI DOLCI, a name confusingly similar to Plaintiff's MOCHIDOKI registered mark and brand. On information and belief, Mr. Cutone is the owner of each of Defendants.

24. The following day, Plaintiff's counsel, on June 9, 2022, sent a letter to Defendants demanding that Defendants abandon their plans to use the MOCHI DOLCI mark. A true and correct copy of the June 9, 2022 letter and Defendant ADR's July 5, 2022 response are attached hereto as Exhibits 4-5.

25. After further communications between Plaintiff's and Defendants' counsel, Plaintiff's counsel sent a letter to Defendants' counsel on October 12, 2022, again demanding that Defendants abandon their plans to use the MOCHI DOLCI mark. A true and correct copy of this correspondence is attached as Exhibits 6-8.

26. As recently as two days prior to the filing of this Complaint, Plaintiff's counsel reached out to Defendants to see if the dispute could be resolved. Defendants responded by misstating the chronology of Plaintiff's trademark applications, incorrectly suggesting that Plaintiff's efforts to enforce its valuable trademark rights were in bad faith and sanctionable, and threatening to tarnish the reputation of Plaintiff. *See* Exhibits 9-10.

27. Defendants have not abandoned their plans to use MOCHI DOLCI in connection with restaurant services despite having full knowledge of Plaintiff's rights. Rather, without

authorization, Defendants continued with their plans to do business under the MOCHI DOLCI name.

28. Upon information and belief, Defendants, knowing of Plaintiff's valid, subsisting, and incontestable registration of the MOCHIDOKI Mark and Plaintiff's prior rights in the mark, sought to obtain federal trademark registrations for variants of the name MOCHI DOLCI that Defendants did not yet use in connection with restaurant services.

29. On June 10, 2022, the day after Plaintiff's letter, Defendants jointly filed Application Serial No. 97/452,667 for the MOCHI DOLCI MOCHI DONUTS AND BOBOA TEA design mark ("'667 Application"), as displayed below:



30. On July 6, 2022, Defendants jointly filed Application Serial No. 97/490,273 for the mark MOCHI DOLCI in word form ("'273 Application").

31. Both the '667 Application and the '273 Application list the goods and services as "Doughnut shops in the nature of a restaurant; Restaurant services, including sit-down service of food and take-out restaurant services" in International Class 043 and "Tea-based beverages containing boba" in International Class 030.

32. Defendants' infringing acts as alleged herein have resulted in confusion among restaurant customers.

33. Upon information and belief, in October 2022, Defendants opened a restaurant in New York City, New York, under the name MOCHI DOLCI, despite their actual and constructive knowledge of Plaintiff's MOCHIDOKI restaurants, of Plaintiff's prior rights to the mark MOCHIDOKI, and of Plaintiff's trademark application for MOCHIDOKI for restaurant and café services. Defendant's restaurant is located approximately two miles from Plaintiff's Upper East side location.

34. Defendants' acts are causing, and will continue to cause, damage and irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public unless enjoined by this Court.

**FIRST CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)**

35. Plaintiff repeats and realleges the allegations of Paragraphs 1-34 of the Complaint as if fully set forth herein.

36. The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff is the owner of valid and protectible rights in the MOCHIDOKI Mark.

38. Defendants' unauthorized use and promotion of MOCHI DOLCI, or colorable imitations thereof, in connection with offering and providing services that are identical or nearly identical to the services covered by the MOCHIDOKI Mark has caused, and is likely to continue to cause, confusion, mistake, and deception on the part of consumers as to the source, nature and quality of the services Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

39. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the MOCHIDOKI Mark.

40. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's acts and, unless Defendants are enjoined by the Court, Defendants will continue to cause irreparable harm and further damage to Plaintiff, and to its business, reputation, and goodwill, and will continue to confuse the public. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

41. Upon information and belief, Defendants have willfully infringed Plaintiff's rights in the MOCHIDOKI Mark, causing Plaintiff to suffer monetary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER 17 U.S.C. § 1125(a))

42. Plaintiff repeats and realleges the allegations of Paragraphs 1-41 of the Complaint as if fully set forth herein.

43. In addition to its federal trademark registration, Plaintiff owns and enjoys valid, enforceable, and fully subsisting common law trademark rights in the MOCHIDOKI Mark throughout the United States.

44. Defendants' use of the mark MOCHI DOLCI is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff or, in the alternative, that Plaintiff's services are sold, authorized, endorsed, or sponsored by Defendants, or that Plaintiff is in some way affiliated with or sponsored by Defendants.

45. Defendants' unauthorized use in commerce of the MOCHI DOLCI mark constitutes a false designation of origin, a false and misleading description and representation of fact, and unfair competition in violation of 15 U.S.C. § 1125(a).

46. Defendants' use of the name MOCHI DOLCI has caused and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation, and goodwill and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

47. Plaintiff is entitled to, among other relief, injunctive relief, and an award of monetary damages in an amount to be determined at trial, enhanced damages and profits, and reasonable attorneys' fees and costs of the action, under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post judgment interest.

**THIRD CAUSE OF ACTION**
**(DILUTION UNDER 17 U.S.C. § 1125(c))**

48. Plaintiff repeats and realleges the allegations of Paragraphs 1-48 of the Complaint as if fully set forth herein.

49. Plaintiff's MOCHIDOKI Mark is a distinctive mark that has been in use by Plaintiff and its predecessors in interest for many years. The MOCHIDOKI Mark has gained widespread public recognition, and the services offered under the mark are immediately identified with Plaintiff.

50. Plaintiff's MOCHIDOKI Mark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and had become distinctive and famous prior to Defendants' first use of the confusingly similar name MOCHI DOLCI.

51. Defendants' use in commerce of the confusingly similar marks to Plaintiff's mark, as alleged herein, dilutes, is likely to dilute, and will, unless enjoined, continue to dilute the

distinctive quality of Plaintiff's famous MOCHIDOKI Mark, and lessen the capacity of the mark to identify Plaintiff's services.

52. As a result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged and, unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its business, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

53. Defendants' use in commerce of the confusingly similar mark MOCHI DOLCI has caused Plaintiff to suffer monetary damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands a judgment:

(1) Issuing a permanent injunction enjoining Defendants, and all persons in active participation with them, from:

   a. using the MOCHI DOLCI mark, or any other similar name or trademark that is confusingly similar to the MOCHIDOKI Mark, in connection with the sale, offering for sale, promotion, advertising, marketing and provision of restaurant services or related food products;

   b. conducting any activities that are likely to cause confusion or mistake in the minds of the public or to lead others to believe that Defendants' services or products come from or are the services or products of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

   c. otherwise competing unfairly with Plaintiff;

          d.      engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's MOCHIDOKI Mark, conducting any activities that are likely to cause confusion or mistake in the minds of the public or to lead others to believe that Defendants' services or products come from or are the services or products of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

(2)    Awarding Plaintiff all monetary damages, pursuant to 15 U.S.C. § 1117, including reasonable attorneys' fees and costs, which Plaintiff has sustained as consequence of Defendants' trademark infringement, unfair competition, and dilution in violation of 15 U.S.C. §§ 1114 and 1125(a) and (c);

(3)    Awarding Plaintiff enhanced damages, pursuant to 15 U.S.C. § 1117(a), due to Defendants' willful and intentional violation of Plaintiff's rights under the Lanham Act;

(4)    Awarding pre and post judgment interest, and

(5)    Granting such other and further relief as the court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: December 15, 2022

BOAG | LAW, PLLC

By: _____
David A. Boag
447 Broadway
Suite 2-270
New York, NY 10013

-13-

dab@boagip.com

Attorneys for Plaintiff Gordon Desserts, Inc.